IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. HICKEY MARINE ENTERPRISES, INC., a Washington corporation,<br><br>           Plaintiff,<br><br>   v.<br><br>EAI INTERNATIONAL, INC., a California corporation; and EDWARD V. HILL,<br><br>           Defendants.<br>_____<br><br>EAI INTERNATIONAL, INC. and MELODIE Z. SCOTT, personal representative of the ESTATE of EDWARD HILL,<br><br>   Third-party Plaintiffs,<br><br>   v.<br><br>ALASKA-OREGON OFFSHORE MARINE, INC., an Oregon corporation, d/b/a OREGON OFFSHORE TOWING,<br><br>   Third-Party Defendant.<br>_____ | No. CV 03-1296-HU<br>FINDINGS AND RECOMMENDATION |

Darien S. Loiselle
C. Kent Roberts

FINDINGS AND RECOMMENDATION Page 1

Robert H. Hamrick
Schwabe Williamson & Wyatt
1211 S.W. Fifth Avenue, Suites 1600-1900
Portland, oregon 97204
    Attorneys for plaintiff

Melodie Z. Scott
25 East State Street
Redlands, California 92373
    Pro se

Thomas G. Waller
James P. Moynihan
Paul S. Smith
Bauer Moynihan & Johnson
2101 Fourth Avenue, 24th Floor
Seattle, Washington 98121
    Attorneys for third party defendant Alaska-Oregon Offshore
    Marine

HUBEL, Magistrate Judge:

Third-party defendant Alaska-Oregon Offshore Marine, Inc. (Offshore) moves for summary judgment on the claims asserted against it by defendants and third-party plaintiffs EAI International, Inc. (EAI) and Melodie Z. Scott, as personal representative for the Estate of Edward V. Hill. Offshore also moves for an award of all costs, including attorney's fees, incurred in defending against those claims.

All of the claims asserted by and against EAI in this case are stayed pursuant to 11 U.S.C. § 362, EAI having filed for bankruptcy protection in the United States Bankruptcy Court for the Northern District of California. However, the stay does not apply to actions against sureties. *See, e.g.,* Lockard v. Lockard, 884 F.2d 1171 (9th Cir. 1989); Fintel v. State of Oregon, 10 B.R. 50 (D. Or. 1981). Accordingly, I recommend that the court adjudicate the motion with respect to third-party plaintiff Scott. Although Scott accepted

FINDINGS AND RECOMMENDATION Page 2

service on February 18, 2004 (doc. # 30) and filed a third-party complaint on March 22, 2004 (doc. # 35), she has not filed a response to the present motion, and has not complied with orders from this court that she appear. *See* Orders of August 11, 2004 (doc. # 49) and October 13, 2004 (doc. #57).

**Factual Background**

The court accepts the facts as set out in Offshore's Concise Statement of Material Facts, as they are undisputed by Scott.

Plaintiff Hickey Marine Enterprises, Inc. (Hickey Marine) and EAI entered into a bareboat charter agreement on or about September 19, 2002, under which EAI chartered from Hickey Marine two dump scows for use in dredging operations in California, being conducted by EAI for the United States through the Army Corps of Engineers. Pursuant to a Standard Towage Agreement (Towage Agreement) executed on September 17, 2002, between EAI and Offshore, Offshore towed the dump scows to and from the dredging operations. Because the dredging project was subject to the Miller Act, 40 U.S.C. § 270, EAI entered into a performance bond, with Hill as the surety. Hill is now deceased, and third-party plaintiff Scott is the personal representative of his estate.

In its complaint against EAI, Hickey Marine alleges that the scows were damaged during their use by EAI. In their third-party complaint against Offshore, EAI and Scott allege that any damage to the dump scows was caused by Offshore, and they assert claims for contractual and common law indemnity under the terms of the Towage Agreement. However, Offshore asserts that pursuant to the Towage

FINDINGS AND RECOMMENDATION Page 3

Agreement, EAI was required to look to its own insurance as its sole means of recovery for any damage to the dump scows or, in the event that EAI's insurance failed or its insurers refused or were unable to pay for the damages, EAI was deemed its own insurer and required to pay for damage which would otherwise have been paid by its insurers.

## Standards

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment is not proper if material factual issues exist for trial. Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir. 1995).

The moving party has the burden of establishing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. Id. at 324. Assuming that there has been sufficient time for discovery, summary judgment should be entered against a "party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322.

However, if the evidence in support of the motion is insufficient, a motion for summary judgment cannot be granted

FINDINGS AND RECOMMENDATION Page 4

simply because there was no opposition. <u>Henry v. Gill Industries, Inc.</u>, 983 F.2d 943, 950 (9th Cir. 1993); <u>In re Rogstad</u>, 126 F.3d 1224, 1227 (9th Cir. 1997).

## Discussion

The Towage Agreement between EAI and Offshore provides as follows:

> A. <u>Intent</u>. It is the intent of the parties that the insurances identified in this section cover all losses, damages, claims, liabilities and suits incident to the services contemplated, and that the parties shall look solely to such insurances, in sequence of first party insurance before third party insurance, rather than maintain claims against each other based upon negligence or fault. To that end, the parties agree to procure and maintain the following insurances, to promptly submit and prosecute all claims against such insurances and to look solely to such insurances for recovery. The lump sum hire charged by Owner is based in part upon the allocation of liability and insuring requirements set forth in this section.
> 
> B. <u>Required Insurances</u>
> 
> * * *
> 
>   (2) <u>Customer</u>. Customer shall procure and maintain the following policies of insurance with respect to the Tow and/or cargo:
> 
>   (a) hull and machinery insurance pursuant to Pacific Coast Tug/Barge Form (1979), or equivalent, to the full actual market value of the Tow;
> 
>   * * *
> 
>   (4) <u>Failure of Insurance.</u> In the event a party fails to procure and/or maintain an insurance as required above, an insurance fails for any reason (including, without limitation, breach of policy condition or warranty) and/or an insurer otherwise refuses or is unable to pay, the party required to procure that insurance shall be deemed an insurer or self-insurer, and shall accept and pay claims which would have otherwise been submitted to the failed insurance and shall indemnify and hold harmless (including legal fees and costs) the other party of and from any loss, damage, expense, claim, liability and/or suit resulting from such failure.
> 
> C. <u>Further Allocation.</u> Subject to the foregoing

FINDINGS AND RECOMMENDATION Page 5

> requirements as to insurance, which shall at all times be deemed primary, and only in the event a loss, damage, expense, claim, liability, and/or suit does not fall within the scope of a required insurance, Owner and Customer shall be separately responsible for, and shall indemnify and hold harmless each other from and against (including legal fees and costs), ... all loss, damage, expenses, claims, liabilities and suits arising out of or relating to property owned by it, with Owner specifically responsible for the Tug and all personal property on the Tug and with Customer (EAI) specifically responsible for the Tow, the cargo, and all personal property on the Tow.

Memorandum in Support of Third-Party Defendant's Motion for Summary Judgment, Exhibit C, p. 4, ¶ 8.

Offshore asserts that Clause 8.A of the Towage Agreement expressly provides that the sole and exclusive remedy of the parties for damage to the tow (i.e., the dump scows) is through their own insurance, respectively, and further that the parties are to look solely to such insurance, rather than each other, for claims based on negligence or fault.

EAI has alleged in the Third Party Complaint that it performed all the obligations and conditions of the Towage Agreement with Offshore, and that pursuant to ¶ 8B(2) of the Towage Agreement, EAI had in place all of the insurance policies in relation to the dump scows required to be provided by EAI. Third Party Complaint, ¶¶ 11, 12. However, EAI also alleges that the insurance policies EAI had in place have not provided coverage for any of the damage to the dump scows, to the extent there was any damage, id. at ¶ 12, and seeks indemnity under ¶ 8D of the Towage Agreement. Paragraph 8D provides:

> <u>Residual Liability and Indemnity</u>. In the event the insurances identified above do not cover a given loss, damage, expense, claim, liability and/or suit (other than

FINDINGS AND RECOMMENDATION Page 6

> by virtue of a failure of insurance as addressed in subsection B(4) above), and except for the specific liabilities addressed in subsection C, immediately above, the parties allocate all other liability and indemnity based upon their respective degree of legal fault.

Offshore argues that EAI has alleged in the Third Party Complaint that despite having procured the insurance as required under the Towage Agreement, "to date the insurance policies ... have not provided coverage," and that this contingency is expressly addressed by ¶ 8B(4) of the Agreement, where EAI specifically agreed that if its insurance "fails for any reason" or "refuses or is unable to pay" then EAI would be deemed a self-insurer. Thus, EAI is contractually obligated to "accept and pay claims which would otherwise have been submitted" to its insurance and to "indemnify and hold harmless the other party [i.e., Offshore] of and from any loss, damage, expense, claim, liability and/or suit resulting from such failure."

Offshore argues, further, that ¶ 8C of the Towage Agreement expressly allocates to EAI all liability for damage to the dump scows. This clause states that "subject to the foregoing requirements as to insurance, which shall at all times be deemed primary," in the event of an uninsured or uncovered loss, EAI agreed to be responsible for damage to "the Tow."

The Towage Agreement is unambiguous and clearly provides that, under the circumstances alleged in the Third Party Complaint-- a failure of EAI's insurance to cover the loss-- EAI is obligated to pay any claims for damage to the dump scows which would otherwise have been submitted to EAI's insurer. Paragraph 8D of the Towage

FINDINGS AND RECOMMENDATION Page 7

Agreement, upon which EAI relies, is inapplicable. Paragraph 8D expressly states that its provisions apply in circumstances not otherwise covered by paragraphs 8B(4) and 8C.

Because Scott's claims for indemnity against Offshore are asserted derivatively, based on her status as surety for EAI, her claim stands on the same footing as that of EAI. Because EAI is contractually barred from asserting its indemnity claims against Offshore, Scott's claims must also necessarily fail.

I recommend that Offshore's motion for summary judgment against Scott (doc. # 58) be GRANTED, and that Scott's claims against Offshore be dismissed. I further recommend that Offshore be given leave to submit a motion for attorney's fees and costs.

### Scheduling Order

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due February 18, 2005. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, a response to the objections is due March 4, 2005, and the review of the Findings and Recommendation will go under advisement on that date.

Dated this 3rd day of February, 2004.

/s/ Dennis J. Hubel

Dennis James Hubel
United States Magistrate Judge

FINDINGS AND RECOMMENDATION Page 8